IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALEXANDRIA STOBBE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-463 |
| | ) |
| ROCKHURST UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1453, Defendant Rockhurst University ("Rockhurst") hereby removes this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri. As grounds for removal, Rockhurst states as follows:

### Jurisdiction

1. The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332(d), and the case is removable under § 1453, in that it is a class action with minimal diversity, more than 100 members, and more than $5,000,000 at issue exclusive of interest and costs. The Civil Cover Sheet is attached to this Notice as **Exhibit A**.

### Factual Background

2. This action is a class action lawsuit pending in the Circuit Court of Jackson County, Missouri, styled *Alexandria Stobbe v. Rockhurst University*, Case No. 1616-CV09355. A complete copy of the file from the Jackson County

case is attached to this Notice. Specifically, attached as **Exhibit B** is a copy of the Petition; attached as **Exhibit C** is a copy of the current docket; attached as **Exhibit D** is the Summons; and attached as **Exhibit E** is the Return of Service.

3. Plaintiff's Petition generally alleges that Rockhurst unlawfully disseminated employees' personally identifiable information ("PII") to third parties when it experienced a data breach. Ex. B, ¶ 1. Plaintiff alleges four separate causes of action and purports to bring them on behalf of a class of 1,200 similarly situated employees.

4. Plaintiff's Petition requests the following relief on behalf of herself and the putative class members: a declaration "that Defendant breached its implied contract with Plaintiff and Class members;" a declaration "that Defendant negligently disclosed Plaintiff's and the Class members PII;" a declaration "that Defendant has invaded Plaintiff's and Class members' privacy;" "actual damages to Plaintiff and the other members of the Class;" an Order requiring "Defendant to disseminate individualized notice of the Data Breach to all Class members;" an Order requiring "Defendant to pay attorneys' fees and litigation costs to Plaintiff;" an Order requiring "Defendant to pay both pre- and post-judgment interest on any amounts awarded;" and "such other and further relief as may be just and proper." Ex. B, pp. 18-19.

## Grounds for Removal

5. A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action. 28

U.S.C. § 1441. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), part of the Class Action Fairness Act ("CAFA").

6. This action is a "class action" under CAFA because it a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. §§1453(a), 1332(d)(1)(B). Plaintiff brings her class claims "[p]ursuant to Rule 52.08 of the Missouri Rules of Civil Procedure," *see* Ex. B, ¶ 42; and "[Federal] Rule 23 and [Missouri] Rule 52.08 are essentially identical." *Dale v. DaimlerChrysler Corp*, 204 S.W.3d 151, 161 (Mo. Ct. App. 2006).

7. Removal of a putative class actions under CAFA is proper if three elements are satisfied: (1) there are one hundred (100) or more members in the proposed class; (2) there is minimal diversity (*i.e.*, at least one member of the proposed class is a citizen of a State different from any Defendant); and (3) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00. *See* 28 U.S.C. § 1332(d)(2), (5), and (6). *See also Grawitch v. Charter Communications, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). This action satisfies all of these requirements.

    a. <u>The Proposed Class Consists of 1,200 Individuals.</u> Plaintiff alleges that "the putative Class is comprised of approximately 1200 employees." Ex. B, ¶ 43. Thus, CAFA's 100-class member requirement is satisfied on the face of Plaintiff's Petition.

b. <u>There is Minimal Diversity Between the Class Plaintiffs and Rockhurst.</u> Rockhurst is a citizen of Missouri. Ex. B, ¶ 13 ("Rockhurst University is a Missouri not-for-profit corporation with its headquarters in Kansas City, Missouri."). The putative class members are "are faculty, staff and/or are student employees of Rockhurst University." *Id.*, ¶ 1. Many of these proposed class members are citizens of other states, primarily the neighboring state of Kansas. Minimal diversity therefore exists.

c. <u>The Aggregated Claims of the Putative Class Members Exceed $5 Million Dollars.</u> Plaintiff requests the following relief, which, aggregated across the putative 1200-member class, places more than $5,000,000 in controversy, exclusive of interest and costs[1]:

    i. <u>Actual Damages:</u> Plaintiff specifically states that the class members potentially incurred $1,513 in "fraud-related economic loss" and $354 in "out-of-pocket expenses." Ex. B, ¶ 39. Multiplied by the alleged 1200-member class, this allegation alone places $2,240,400 in controversy. Additionally, Plaintiff seeks to recover "the value of [the class members'] time spent mitigating the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the Data Breach," *Id.* ¶ 41(v), which Plaintiff alleges to be in the "hundreds of hours." *Id.* ¶ 39. If each class member spent only 325

---

[1] To be clear, CAFA requires that $5,000,000 be placed into controversy by the *allegations* asserted in the Petition. Rockhurst in no way concedes that such damages do, in fact, exist or that they are recoverable by Plaintiff or any of the putative class members. Rockhurst expressly reserves its right to contest all damages asserted on any grounds available as this case progresses.

hours (on the low end of Plaintiff's "hundreds of hours" allegation), and their time is conservatively valued at Missouri's $7.65-per hour minimum wage,[2] then this category of damages totals over $3,000,000. Added to the "loss" and "expenses" of $2,240,400, these two categories of alleged damages alone satisfy CAFA's amount in controversy threshold. In addition to these independently-sufficient damage allegations, Plaintiff also seeks *actual damages* for:

- "loss of privacy," *id.*, ¶¶ 5, 41, 57, 62, 68;
- "expenses to purchase credit monitoring, internet monitoring, identity theft insurance and/or other Data Breach risk mitigation products," *id.*, ¶¶ 38, 41, 62, 68; and
- "deprivation of the value of [the class members'] PII/PHI," *id.*, ¶¶ 6, 41, 57, 62 68, 72.

In addition to these damages, the Petition alludes to damages for rectifying additional fraudulent activity including the issuance of false drivers licenses, obtaining fraudulent government benefits, fraudulently renting houses or apartments, improperly obtaining medical treatment, and the improper issuance of arrest warrants. *See id.*, ¶ 24.

  ii. <u>Injunctive Relief</u>: Plaintiff requests an order requiring Rockhurst to bear the costs of disseminating individualized notice to

---

[2] *See* http://labor.mo.gov/DLS/MinimumWage.

the putative class members. Ex. B, p. 19, ¶ F; *Hug v. Am. Traffic Sols., Inc.*, No. 4:14CV00138 ERW, 2014 WL 1689303, at *3 n.7 (E.D. Mo. Apr. 29, 2014) (under CAFA, the cost of complying with "injunctive relief should be valued to determine amount in controversy").

    iii. <u>Punitive Damages</u>: Plaintiff's Petition is replete with allegations that, if true, would support a punitive damages award under Missouri law. *See, e.g.*, Ex. B, ¶ 4 ("Defendant *<u>flagrantly</u>* disregarded Plaintiff's and the other Class Members' privacy and property rights by *<u>intentionally, willfully and recklessly</u>* failing to take the necessary precautions . . .") (emphasis added); *see also* ¶¶ 32, 35-36 44-45 (making similarly-worded allegations of flagrant, intentional, or willful conduct). Courts must consider a potential punitive damage award when determining whether CAFA's amount in controversy requirement is satisfied. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013).

    iv. <u>Attorney's Fees</u>: Plaintiff also seeks to recover her attorney's fees. *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) (attorneys' fees are considered in determining whether jurisdictional minimum threshold set forth under CAFA is satisfied).

8. Based on Plaintiff's allegations, requested relief, and matters known to Rockhurst, Plaintiff's proposed class claims place in controversy an

amount exceeding CAFA's $5,000,000 jurisdictional threshold. Because there is a more than 100 putative class members, minimal diversity, and an amount in controversy exceeding $5,000,000, exclusive of interest and costs, Rockhurst has removed this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1453.

**Procedural Compliance**

9. The Circuit Court of Jackson County Missouri is situated within the geographic area comprising Western District of Missouri, so venuje is proper in this District.

10. Promptly upon filing this Notice of Removal, Rockhurst shall give written notice of the filing to Plaintiff as required by law. Rockhurst is concurrently filing a notice attaching this Notice of Removal with the Circuit Court of Jackson County, Missouri, where this action was originally filed.

WHEREFORE, Defendant Rockhurst University removes the State Court Class Action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Dated this 19th day of May, 2016.

        Respectfully submitted,

        /s/ Jeffrey B. Jensen
        JEFFREY B. JENSEN    MO# 46745
        MARK G. ARNOLD    MO# 28369
        HUSCH BLACKWELL LLP
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        Telephone (314) 480-1500
        Facsimile (314) 480-1505
        jeffrey.jensen@huschblackwell.com
        mark.arnold@huschblackwell.com

        MICHAEL T. RAUPP    MO# 65121
        HUSCH BLACKWELL LLP
        4801 Main Street, Suite 1000
        Kansas City, Missouri 64112
        Telephone (816) 983-8000
        Facsimile (816) 983-8080
        michael.raupp@huschblackwell.com

        ***Attorneys for Defendant***
        ***Rockhurst University***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by electronic mail and First Class U.S. Mail, postage prepaid, on the 19th day of May, 2016, to:

MITCHELL L. BURGESS
BURGESS LAW FIRM, P.C.
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone (816) 471-1700
Facsimile (816) 471-1701
mitch@burgesslawkc.com

PHYLLIS A. NORMAN
THE NORMAN LAW FIRM LLC
1000 Broadway, 4th Floor
Kansas City, MO 64105
Telephone (816) 288-9622
Facsimile (816) 471-1701
phyllis@pnormanlaw.com

RALPH K. PHALEN
RALPH K. PHALEN, ATTORNEY AT LAW
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone (816) 589-0753
Facsimile (816) 471-1701
phalenlaw@yahoo.com

                                          /s/ Jeffrey B. Jensen
                                          ***Attorney for Defendant***